UNITED STATES DISTRICT
COURT FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )   Case No.: 2:20-cr-00008-wks-1 |
| | ) |
| TOVI ROSE MESICK, | ) |

### MOTION FOR RETURN OF PROPERTY TO THIRD PARTY

Tovi Rose Mesick, by counsel, submits this motion for return of her property (firearms and ammunition) seized from her home on January 13, 2020, during execution of a search warrant. She moves that the property be transferred to a third party, specifically, to her mother.

### Background

Ms. Mesick's home was searched pursuant to a search warrant on January 13, 2020. Law enforcement seized 16 firearms and ammunition. Ms. Mesick was arrested and later charged in the instant case with being a felon in possession of firearms and an unlawful user of controlled substances in possession of firearms, in violation of 18 U.S.C. § 922(g)(1) and 922(g)(3).

On August 23, 2021, the government moved to dismiss all charges without prejudice. The Court granted the motion.

Ms. Mesick is currently under probation supervision pursuant to a deferred sentence in Vermont state court for aggravated assault. The deferred sentence was imposed in 2017, and her probation is expected to expire on September 22, 2022.

Following successful completion of her deferred sentence, Ms. Mesick's underlying state conviction will be expunged. *See* 13 V.S.A. § 7041(e) (providing for expungement of conviction upon fulfillment of terms of probation and deferred sentence). Once her conviction is expunged, she will no longer be a convicted felon and will lawfully be able to possess firearms and

1

ammunition. *See* 18 U.S.C. § 921(a)(20) (defining the term "crime punishable by imprisonment for a term exceeding one year" as not including "any conviction which has been expunged"). Ms. Mesick fully understands that she would still be prohibited from possessing firearms or ammunition if she were an unlawful user of a controlled substance, including marijuana.

      Ms. Mesick is a veteran of the United States Army, having served honorably from 1999 to 2009. She received numerous honors and awards, including a purple heart relating to her service in Iraq. Following her service in Iraq she was a "shoot-house instructor" with the Vermont National Guard. Firearms were the tools of her trade, and each position Ms. Mesick held required the use of a different firearm. It was common practice for service members to purchase, personally, a firearm of the same model as the service weapon to practice loading, holstering, and firing the weapon.

      By the time of her honorable discharge from the military, Ms. Mesick had a collection of firearms associated with her service. Ms. Mesick kept them, as many veterans do. The firearms seized from Ms. Mesick's home on January 13, 2020, consisted of these firearms as well as several firearms handed down to her by her parents. The seized firearms have both monetary and sentimental value to her.

## Argument

      The Supreme Court in *United States v. Henderson*, 575 U.S. 622 (2015), ruled that a "federal court has equitable authority, even after a criminal proceeding has ended, to order a law enforcement agency to turn over property it has obtained during the case to the rightful owner or his designee." *Id.* at 625-26. *Henderson* applied this ruling to a defendant convicted of distribution of marijuana, whose firearms had been confiscated at the time of his arrest. Henderson motioned the court for return of his firearms to a third party. The Court ruled that

although Henderson could not lawfully possess the firearms himself, the court could order the firearms transferred to a designated third party, as long as the transfer would not allow Henderson later to control the guns. *Id.* at 624.

The Court explained that one option would be to transfer the firearms "to a firearms dealer, himself independent of the felon's control, for subsequent sale on the open market." *Id.* at 630. But the Court made clear there is a second option:

> A court may also grant a felon's request to transfer his guns to a person who expects to maintain custody of them, so long as the recipient will not allow the felon to exert any influence over their use. In considering such a motion, the court may properly seek certain assurances: for example, it may ask the proposed transferee to promise to keep the guns away from the felon, and to acknowledge that allowing him to use them would aid and abet a § 922(g) violation…. [citations omitted]. Even such a pledge, of course, might fail to provide an adequate safeguard, and a court should then disapprove the transfer. *See, e.g., State v. Fadness,* 363 Mont. 322, 341-342, 268 P.3d 17, 30 (2012) (upholding a trial court's finding that the assurances given by a felon's parents were not credible). But when a court is satisfied that a felon will not retain control over his guns, § 922(g) does not apply, and the court has equitable power to accommodate the felon's request.

*Id.*

Ms. Mesick requests the Court order the federal government return her firearms and ammunition to her mother, Rose McDevitt, who lives in Chester, Vermont. Ms. McDevitt has pledged that she will keep the guns and ammunition out of Ms. Mesick's control until Ms. McDevitt has been informed by defense counsel that Ms. Mesick's felony conviction has been expunged and that she can lawfully possess the firearms and ammunition. The Court may, if it wishes, hold a hearing to evaluate Ms. McDevitt's credibility.

The government has informed counsel that it opposes return of the property to Ms. McDevitt.

**Conclusion**

For the foregoing reasons, this Court should grant the motion for return of property to a third party, specifically, to Ms. Mesick's mother, Rose McDevitt.

Dated at Burlington, Vermont, November 4, 2021.

        By:   */s/ David L. McColgin*
        David L. McColgin,
        Assistant Federal Defender

        Office of the Federal Public Defender
        District of Vermont
        95 Pine Street, Suite 150
        Burlington, VT 05401
        David_mccolgin@fd.org
        (802) 862-6990