```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT


UNITED STATES OF AMERICA    *
                            *
            V               *
                            *
CHRISTOPHER M. MESICK       * CRIMINAL FILE NO. 20-8
```

**PRETRIAL CONFERENCE**
Monday, August 23, 2021
Burlington, Vermont

BEFORE:

    THE HONORABLE WILLIAM K. SESSIONS III
       Senior District Judge


APPEARANCES:

    MICHAEL DRESCHER, ESQ., Assistant United States
       Attorney, Federal Building, Burlington, Vermont;
       Attorney for the United States

    DAVID L. McCOLGIN ESQ., United States Federal
       Public Defender's Office 95 Pine Street,
       Suite 150, Burlington, Vermont; Attorney for the
       Defendant




                  ANNE NICHOLS PIERCE
    United States District Court Reporter (ret'd.)
        *fortherecordinvermont@gmail.com*

```
 1    MONDAY, AUGUST 23, 2021
 2    (The following was held in open court at 1:10 p.m.)
 3              COURTROOM DEPUTY:  Your Honor, this is
 4    criminal number 20-8, defendant number one, United
 5    States of America versus Tovi Mesick.  The government is
 6    present through Assistant United States Attorney Michael
 7    Drescher.  The defendant is present with her attorney,
 8    David McColgin, Assistant Federal Public Defender.
 9         The matter before the Court is a pretrial
10    conference.
11              THE COURT:  All right.  This is a pretrial
12    conference, and -- so what's the status at this point?
13              MR. DRESCHER:  Your Honor, the United States
14    asks for leave of the Court to dismiss the indictment
15    without prejudice, and if you can give me an
16    opportunity, I --
17              THE COURT:  Sure.
18              MR. DRESCHER:  -- can kind of explain what
19    I think --
20              THE COURT:  Yep.
21              MR. DRESCHER:  I'm sorry?
22              THE COURT:  Yes.  Go ahead.
23              MR. DRESCHER:  Miss Mesick is charged in a
24    two-count indictment.  Count 1 charges her with being a
25    person convicted of a crime punishable by more than a
```

1     year in prison, in possession of 16 different firearms;
2     Count 2 charges her with being an unlawful user of a
3     controlled substance, in possession of those same
4     firearms.
5          Ms. Mesick is, as she sits here today, a prohibited
6     person under 9 -- Section 922(g)(1) on account of a
7     conviction she incurred in Chittenden Superior Court in
8     2017 for aggravated assault.  She received a five-year
9     deferred sentence upon that conviction.
10         That period of probation associated with that
11    deferred sentence will expire, as I understand it -- and
12    I have conferred with state probation -- in September of
13    2022.  So she is currently a convicted person in the
14    context of Section 922(g)(1), and as a result, cannot
15    lawfully possess firearms.
16         Similarly, under section (g)(3), in the context of
17    this case, there was an issue as to whether Ms. Mesick
18    understood that using marijuana was unlawful under
19    federal law.  In Vermont, the use of that drug has been
20    decriminalized to an extent, and it is apparent to the
21    United States, having delved into the case, that
22    Ms. Mesick now understands that marijuana is a
23    controlled substance under federal law and that it is
24    unlawful to use marijuana under federal law as -- in the
25    current state of the law, and that in the event

1   Ms. Mesick successfully completes her period of
2   probation associated with her deferred sentence, and if
3   that sentence gets expunged, and Ms. Mesick decides to
4   try to possess guns again, she will need to choose
5   between possessing firearms and smoking marijuana or
6   using other unlawful controlled substances.
7       I understand, having spoken both with Officer Perez
8   of the United States Probation Office, and the state
9   probation officer who has been supervising Ms. Mesick,
10  that since she has been released from custody in this
11  case, she has done very well.  She has made significant
12  progress, and we credit Ms. Mesick for her progress in
13  that regard.
14      Because she is still subject -- because she is a
15  prohibited person on account of her status as a -- of
16  being convicted on the aggravated assault case now, and
17  because we appreciate that Ms. Mesick now understands
18  that that deferred sentence constitutes a conviction --
19  the conviction leading to the deferred sentence
20  constitutes a conviction under 922(g)(1), that she now
21  understands she is a convicted person and is prohibited
22  from possessing firearms pursuant to 922(g)(1), and in
23  light of issues that are related to the case of <u>Rehaif</u>
24  involving the knowledge that the United States would
25  need to prove as of the date alleged in the indictment,

1  and that is January 13 of 2020, it's the judgment of my
2  office that the just thing to do at this point in time
3  is -- and in recognition of Ms. Mesick's progress while
4  on supervision, the fact that she now understands that
5  her deferred sentence does not mean she is other than a
6  convicted person and she will remain a convicted person
7  under 922(g)(1) unless and until that state conviction
8  gets expunged, and in light of our understanding that
9  she now understands that marijuana is an unlawful
10 controlled substance under federal law, it's our
11 judgment that the just thing to do under these
12 circumstances is to not proceed with this prosecution,
13 to ask leave of the Court to dismiss the indictment
14 without prejudice in the event new information comes to
15 light, new evidence comes to light, the United States
16 asks for the flexibility to reconsider that decision in
17 the event new information comes to light.
18      But for principally the reasons I just articulated,
19 we ask leave of the Court to dismiss the indictment.
20           THE COURT:  All right.  Mr. McColgin?
21           MR. McCOLGIN:  Your Honor, we have no
22 objection, your Honor.
23           THE COURT:  Okay.  So there was a number of
24 representations made by the government as to the
25 knowledge of Ms. Mesick in regard to the offense which

1 is still outstanding at this point, it has not been
2 subject to the deferred erasure, does she understand
3 that she cannot be in possession of a firearm at this
4 particular point, and does she understand that marijuana
5 laws are still controlled substances laws in the federal
6 system?
7     MR. McCOLGIN:  Yes, she does, your Honor.
8     THE COURT:  Okay.  All right.  Well, I
9 appreciate the government's motion.  I'm going to grant
10 the government's request for dismissal without
11 prejudice.  Again, the government is afforded the
12 opportunity to bring the charges back if for some reason
13 there is a need to do that.  So that motion is granted,
14 and the case is dismissed without prejudice.
15     MR. DRESCHER:  Thank you.
16     THE COURT:  All right.  Anything else at this
17 point?
18     MR. McCOLGIN:  Nothing further, your Honor.
19     THE COURT:  Okay.  Thank you.
20     MR. DRESCHER:  Thank you.
21     (Court was in recess at 1:17 p.m.)
22         *** ** ***
23     C E R T I F I C A T I O N
   I certify that the foregoing is a correct
24 transcript from the record of proceedings in the
   above-entitled matter.
25                                    *Anne Nichole Pierce* (signature)

April 12, 2022
Date                              Anne Nichols Pierce